## UNITED STATES v. TYLER CORPORATION.

Civ. No. 348.

United States District Court,
E. D. Virginia, Alexandria Division.

April 26, 1949.

See also 90 F.Supp. 394.

Hilburt Slosberg, Litigation Attorney, Office of the Housing Expediter, Washington, D. C., George R. Humrickhouse, United States Attorney, Richmond, Va., for plaintiff.

Nathan L. Silberberg, Arlington, Va., for defendant.

BRYAN, District Judge.

The Court makes and enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

1. That pursuant to the provisions of Title III of the Second War Powers Act, as amended, 56 Stat. 176, 50 U.S.C.A.Appendix, § 631 et seq., and Executive Orders thereunder, the Civilian Production Administration issued Priorities Regulation 33, 32 C.F.R. 944.54. The Housing Expediter, pursuant to the Veterans' Emergency Housing Act of 1946, 50 U.S.C.A.Appendix, § 1821 et seq., issued Housing Expediter Priorities Order 1, 11 F.R. 9507, which delegated to the Civilian Production Administration the powers and authority conferred upon the Housing Expediter by sections 4 and 7 of said Act. By amendments to Priorities Regulation 33 and Schedules issued thereunder, the Civilian Production Administration exercised the powers and authority conferred upon it by said Housing Expediter Priorities Order 1, and thereby said Priorities Regulation 33 was continued in effect by authority of both the Veterans' Emergency Housing Act of 1946 and the Second War Powers Act. Further, by Housing Expediter Priorities Order 5, effective April 1, 1947, pursuant to the Veterans' Emergency Housing Act of 1946, 60 Stat. 207, and Executive Order 9836, 50 U.S.C.A.Appendix, § 1651 note, 11 F.R.

396

1939, the Housing Expediter adopted, ratified, confirmed and continued in effect said Priorities Regulation 33, and that said regulation has been in effect at all times material to this action.

2. The defendant, The Tyler Corporation, under the provisions of Priorities Regulation 33, applied for and received authorization to build and priorities assistance to obtain materials for the construction of 136 single family housing accommodations on Lots 1–14, 14A, 15–98, 133–139, 142–144, 148–149 and 160–174, inclusive, in the area known as Tyler Park located on Graham Road between Lee Highway and Lee Boulevard, Fairfax County, Virginia.

3. The application for priorities assistance and construction authorization with accompanying building plans, was filed by the defendant on April 10, 1946 and approved by the Federal Housing Administration on May 1, 1946 under Project Serial No. 6000-00882. The original application and building plans were modified with the approval of the Federal Housing Administration on September 10, 1946, September 13, 1946, October 23, 1946, November 22, 1946 and January 23, 1947, and, as finally approved, provided for the construction of 124 housing accommodations involved in this action which are presently known and described in Schedule A attached hereto.

4. The defendant agreed to and under the provisions of paragraph (e) of Priorities Regulation 33, was obligated to construct these housing accommodations in accordance with the description given in said priorities application and building plans.

5. The application for priorities assistance with accompanying plans and specifications was not explicit and definite. The evidence in the record is not sufficient to establish

(a) That the installation of screens in either the attic or basement windows was required by the plans and specifications.

(b) That the installation of rough flooring in the attic of more than a "catwalk"

three to four feet wide was required by the plans and specifications.

6. The evidence in the record is sufficient to establish that the plans and specifications required

(a) The installation of screens on each of the two exterior doors.

(b) The installation of a canopy over the kitchen entrance with an appropriate platform below, the latter extending below and across the kitchen door and kitchen window.

7. The defendant constructed each of these housing accommodations under Project Serial No. 6000-00882, while Priorities Regulation 33 was in effect, and in the construction thereof

(a) The defendant installed rough flooring in the attic to a width sufficient to meet the requirements in the plans and specifications.

(b) The defendant did not install screens on either of the two exterior doors.

(c) The defendant did not install a canopy over the kitchen entrance with appropriate platform below, as described in 6(b) above.

8. The defendant neither requested nor obtained the approval of the Federal Housing Administration for modification of the priorities application for building plans, numbered Project Serial No. 6000-00882, with respect to the items of construction described in paragraph 6 above.

9. The defendant did not construct the 124 housing accommodations described in paragraphs 2 and 3 above and Schedule "A" attached hereto, in accordance with the description given in the finally approved priorities application and building plans, as hereinabove indicated.

Conclusions of Law

1. The Court has jurisdiction of this action under Section 7(c) of the Veterans' Emergency Housing Act of 1946, 50 U.S. C.A.Appendix, § 1821 et seq., and Section 24 of the Judicial Code, now 28 U.S.C.A. § 1345.

2. This action is presently maintainable after the expiration of the Veterans' Emer-

gency Housing Act of 1946, under the general saving clause contained in 1 U.S.C.A. §§ 29 and 109 and the specific saving clause contained in Section 5 of the Veterans' Emergency Housing Act of 1946.

3. The application for priorities assistance, with accompanying building plans, as executed by the defendant and finally approved by the Federal Housing Administration, was a binding, valid and subsisting contract.

4. The defendant violated the provisions of paragraph (e) of Priorities Regulation 33 and the Veterans' Emergency Housing Act of 1946 in that he failed to construct the housing accommodations involved in this action in accordance with the description set forth in the application for priorities assistance and accompanying plans and specifications as finally approved.

5. Plaintiff is entitled under Section 7(a) of the Veterans' Emergency Housing Act to a mandatory injunction compelling the defendant to complete the construction of said housing accommodations in accordance with the description given in the priorities application and building plans by installing

(a) Screens on each of the two exterior doors and

(b) A canopy over the kitchen entrance, of the design illustrated in the plans, with a covering of the same material as is used in the roofing of the houses and supported by adequate rafters, or an equivalent metal canopy, with a platform below, either of wood or concrete, of the type and design necessary or proper to meet the grade conditions abutting the kitchen doorway, said platform to extend below and across the kitchen door and kitchen window; provided, however, that the defendant should not be compelled to complete construction as herein described of any of these housing accommodations if within sixty days after entry of a decree he files with this Court a written statement by the present owner of any of these housing accommodations that the latter does not desire that the construction of the house be completed as herein described.

6. Plaintiff is entitled to recover its costs to be taxed.